B18 (Official Form 18) (12/07)

# United States Bankruptcy Court

Northern District of Texas
Case No. **12–30233–bjh7**
**Chapter 7**

**In re** Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Matthew S. Carson
2769 Franklin Dr. #1416
Mesquite, TX 75150

Social Security / Individual Taxpayer ID No.:
xxx–xx–8131

Employer Tax ID / Other nos.:


## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).


                                           BY THE COURT


Dated: 4/9/12                              Barbara J. Houser
                                           United States Bankruptcy Judge


**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

B18 (Official Form 18) (12/07) – Cont.

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

**Debts That are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

**Debts That are Not Discharged**

Some of the common types of debts which are not discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

United States Bankruptcy Court
Northern District of Texas

In re:                                                              Case No. 12-30233-bjh
Matthew S. Carson                                                   Chapter 7
     Debtor

## CERTIFICATE OF NOTICE

District/off: 0539-3          User: admin              Page 1 of 2           Date Rcvd: Apr 10, 2012
                              Form ID: b18             Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 12, 2012.
db           +Matthew S. Carson,    2769 Franklin Dr. #1416,   Mesquite, TX 75150-4879
14526582     +Amanda Carson,    TXCSDU,    P.O. box 659791,   San Antonio, TX 78265-9791
14526586     +Christopher D. Osborn,    Zwicker & Associates, P.C.,    321 N. Main Street,
               Taylor, TX 76574-3642

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr           +EDI: QSMSEIDEL.COM Apr 10 2012 21:54:00      Scott M. Seidel,    Seidel Law Firm,
               6505 W. Park Blvd., Suite 306,    Plano, TX 75093-6212
14526583     +EDI: BANKAMER2.COM Apr 10 2012 21:48:00      Bank of America,    Bankruptcy Dept.,    P.O. Box 1598,
               Norfolk, VA 23501-1598
14526585     +EDI: CHASE.COM Apr 10 2012 21:48:00      Chase,    P.O. Box 15298,   Wilmington, DE 19850-5298
                                                                                             TOTAL: 3

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
14526584      Bankruptcy Dept.-Bank of America,    PO Box 1598
                                                                                  TOTALS: 1, * 0, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Apr 12, 2012**                  **Signature:**    _/s/ Joseph Speetjens_

```
District/off: 0539-3          User: admin              Page 2 of 2              Date Rcvd: Apr 10, 2012
                              Form ID: b18             Total Noticed: 6
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 9, 2012 at the address(es) listed below:
        Eric A. Liepins    on behalf of Debtor Matthew Carson eric@ealpc.com,   martha@ealpc.com
        Scott M. Seidel    scott.seidel@earthlink.net,
        sseidel@ecf.epiqsystems.com;susan.seidel@earthlink.net
        UST   U.S. Trustee    ustpregion06.da.ecf@usdoj.gov,   albert.loftus@usdoj.gov
        TOTAL: 3